By the Court.—Sedgwick, Ch. J.
—The motion below was made upon the papers on which the order of arrest was granted. I am of opinion that the motion should have been granted.
The affidavit on which the order of arrest was made averred that a summons had been issued for service ; that a sufficient cause of action existed, “ arising out of the following facts that defendant bought certain goods for a certain price, and made certain statements in the course of the purchase ; “and that by reason of the foregoing facts this deponent alleges that the defendant has been guilty of a fraud in contracting the debt hereinbefore set forth ; and that at the time he purchased said merchandize from deponent he did not intend to pay for the same, but intended to, and did, convert the same into money for his own use.” The inference from these allegations is, that the action was upon contract, where the defendant had been *279 guilty of fraud in contracting. There was in no part of the affidavit any allegation that the plaintiff elected to rescind the contract, and bring the action solely Tor damages from the fraud.
The right to the order depended, then, upon its being valid under the terms of subdivision 4 of section 549 of the Code of Civil Procedure. That subdivision gives as a condition of a right to arrest in an action on contract “ that it is alleged in the complaint that the defendant was guilty of a fraud in contracting the liability.” There was no complaint presented with the motion for the arrest, nor did the affidavit aver what the allegations of the complaint were. The provision of section 558, that implies that in certain cases the complaint need not accompany the order of arrest, does not apply to such a case as this, because the section is made subject to the provisions of section 557, which clearly directs that the affidavit must show that the conditions of subdivision 4 of section 549 exist.
The order appealed from should be reversed, with $10 costs, and an order entered vacating the order of arrest, without costs.
O’Gorman and Ingraham, JJ., concurred.